## Kentucky Journal Publishing Co. v. Brock.

(Decided October 21, 1910.)

### Appeal from Laurel Circuit Court.

1. Libel—Necessary Allegations—Subjecting Defendant to Ridicule.—A writing is libelous if it subjects the person referred to, to odium or ridicule or tends to subject him to obloquy.

2. Special Damages—Loss of Employment.—In an action for libel, no special damage can be recovered such as a loss by the plaintiff of his agency for an insurance company, in the absence of an allegation of such loss and damage.

3. New Trial—Motion Overruled—Additional Grounds Filed.—Where a motion for a new trial was made by the defeated party on the day after the verdict which was overruled, but no order was entered, the court properly allowed additional grounds to be filed on the next day, based upon accident and surprise preventing the defendant from appearing and defending.

HAZLEWOOD & JOHNSON for appellant.

SAM C. HARDIN and GEO. C. BROCK for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The Kentucky Journal Company publishes the Kentucky State Journal at Frankfort, and on March 28, 1907, the following item was printed in the paper:

"KILLED AT SALYERSVILLE.

"Salyersville, Ky., March 27.—H. M. Brock, an insurance man claiming to be from London was shot and killed by M. C. Patrick, who after giving himself up,

claimed he fired in self defense. It is said Brock was a married man with children, and that he had returned from church with one of the daughters of Mr. Patrick. The latter approached and asked if he was not a married man. Words then passed between the two men and it is declared that Brock made a move as though to draw his pistol, but Patrick was the quicker.''

Brock filed this suit against the company to recover damages for the publication which he charged was false and malicious. An answer was filed which denied malice and pleaded that the item came to the paper by the usual way from another paper, and was published in good faith. It also pleaded among other things, that a retraction had been published when the mistake was learned, and that Brock had himself gotten up the item and had it sent as a hoax. This by his reply he denied. The case coming on for trial there was a verdict and judgment in favor of the plaintiff for $500. The defendant appeals.

The first question made on the appeal is that the article is not libelous per se; although the fact is that none of the things stated in the article occurred. A writing is libelous if it subjects the person referred to to odium or ridicule, or tends to subject him to obloquy. The inference might be drawn from the article that Brock though a married man was paying attentions to the daughter of Patrick such as a father had a right to object to, and that he attempted to shoot the father when he objected. We cannot say that such a charge may not be the subject of a suit if false. The next objection is that the court erred in allowing Brock to testify to his contract with the insurance company, what he was making, and what became of his agency after this publication was made. There was no allegation in the petition of special damages. If Brock by reason of the publication suffered any special damages such as the loss of his agency for the insurance company, this should have been pleaded and in the absence of an allegation of special damages the evidence should not have been admitted. There was a good deal of this evidence on the trial, and it may have had a controlling effect on the amount of the verdict. The court ruled out a part of the evidence; but it should all have been excluded. What was admitted was sufficient to get the whole matter before the jury.

On the day after the verdict was returned the defendant filed grounds and entered a motion for the new trial.

At noon on that day the court anounced that he overruled the motion for a new trial. But no order was entered. That afternoon additional grounds were filed and the court on considering them again overruled the motion for a new trial. It is insisted here that the additional grounds for new trial came too late, as the motion for new trial had been overruled. But no order had been entered overruling the motion for new trial. The court must speak by its records, and the circuit court properly allowed the additional grounds to be filed. They were tendered within three days after the verdict; they were based upon accident and surprise, and showed why these facts had not been before presented to the court. The court has control of the case during the term, and we see no reason why the defeated party may not present additional grounds for new trial within the three days allowed, although his motion may have been previously overruled. The cases where it was held that additional grounds could not be filed after the motion for new trial was overruled, were cases where the additional grounds were filed after the expiration of three days. The case had been heard before the jury when the defendant had no witnesses present and offered no testimony. The additional grounds showed that W. P. Walton owned at the time of the publication the Kentucky Journal Publishing Company; that he had since sold out, and had bound himself to protect the purchasers from any outstanding suits. He was living in Lexington, and not in Frankfort. Walton had employed S. H. Kash to attend to the case. Kash, who was not at London at this time, had employed E. H. Johnson to attend to it. Johnson wrote to the Kentucky Journal Company at Frankfort telling the day the case was set for, but the letter did not reach Walton as he lived at Lexington. Not hearing from his letter, Johnson called up Kash over the phone; Kash knew Walton was the real defendant, and sent Walton a telegram, but by a mistake of the telegraph company it was not delivered. He also wrote him a letter, but the letter reached him too late. He took the next train and reached London about the time the court announced that he overruled the motion for a new trial, and when Johnson met Walton he first learned why he had neither client nor witnesses at the trial. Walton also showed that he had witnesses absent by whom he could prove facts which, if true, would defeat the action, and that the reason that he had not the witnesses present

was that he had not received the notice as to the day of trial. The facts disclosed make out a case of accident or surprise preventing the defendant from appearing and defending; and on the whole record we conclude that the ends of justice require a new trial.

Judgment reversed and cause remanded for a new trial, and further proceedings consistent herewith.