## Taylor v. Slider, et al.

(Decided November 21, 1919.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Number Two).

1. Appeal and Error—How Prosecuted.—Before an appeal can be prosecuted to this court, the judgment must not only be final, but it must have been rendered without the voluntary consent of the appellant, and without its rendition being made necessary because of some voluntary act or refusal on his part. Under this rule no appeal can be prosecuted from any judgment rendered by the trial court upon appellant's motion, neither can he appeal from a judgment dismissing the cause for want of prosecution when plaintiff refused to introduce testimony upon the calling of the case regularly for trial, unless perhaps all of plaintiff's witnesses were absent without his knowledge, procurement or consent, after he had exercised due diligence to have them present, or to procure their testimony according to the prescribed rules of practice.

2. Appeal and Error—When Appeal Not Entitled to be Prosecuted.— Plaintiff recovered a judgment for $2,500.00, which was set aside upon a motion for a new trial filed by defendant. At the calling

of the case for the second trial, plaintiff entered motion to permit him to read the transcript of the testimony of three witnesses heard upon the first trial, which motion was overruled, and he then declined to introduce any testimony, whereupon the court rendered judgment dismissing the case for want of prosecution. Held, that plaintiff was not entitled, under these facts, to prose- cute an appeal.

3.	Trial—Use of Depositions at Subsequent Trial.—Under the pro- visions of section 4643 of the Kentucky Statutes, a litigant is not entitled, upon a subsequent trial, to read the testimony of wit- nesses heard upon a former trial, unless he manifests to the court in some way that the testimony of such witness or witnesses could not be procured by him, and if he had the right to take the deposi- tions of such witnesses, he can not read their former testimony unless he further shows a legal excuse for not having taken them.

O'DOHERTY & YONTS for appellant.

ELMER C. UNDERWOOD for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This suit was brought in the Jefferson circuit court to recover damages for personal injuries alleged to have been sustained by appellant, who was plaintiff below, against the appellees, E. T. and C. C. Slider, members composing the firm of E. T. Slider & Son.

The plaintiff alleged in his petition that about dark on the evening of September 23, 1916, he was traveling east on the River road outside of the city of Louisville, in Jefferson county; that when he was a short distance from the Country Club, to which place he had been with his wagon, a large automobile belonging to the defend- ants collided with his team and wagon, killing his horse and smashing the wagon and injuring him on different parts of his body. For the damages thus sustained he asked a judgment against the defendants in the sum of $15,000.00. The negligent acts alleged were that defend- ants were driving their automobile at a high, reckless and dangerous rate of speed, and without lights.

The answer denied the specific acts of negligence al- leged in the petition, and further denied that the injuries sued for were sustained by reason of any negligence on the part of the defendants. It also contained a plea of contributory negligence, which was denied by a reply. Upon trial there was a verdict and judgment in favor of plaintiff for the sum of $2,500.00, but it was afterward

set aside, upon a motion for a new trial filed by defendants, upon the ground that the court in its instructions to the jury submitted other issues of negligence than those alleged in the petition. Objections and exceptions were taken to the order sustaining the motion, and in due time a bill of exceptions was filed containing all the evidence heard, as well as the instructions offered and given at the trial. Subsequently the plaintiff entered motion to set aside the order granting a new trial, which was continued from time to time for a period of more than sixty days from the time it was made, and the court then overruled it upon the ground that he had lost jurisdiction to entertain it, since action upon it should have been taken within the sixty days. Plaintiff reserved exceptions to this ruling of the court, and when the case was called for a second trial, he made a motion to be permitted to read the testimony of three of his witnesses heard upon the former trial. The court overruled the motion, to which the plaintiff excepted, and the transcript shows this order:

"This action having been called for trial, came plaintiff by counsel and declined to introduce any testimony in his behalf herein:

"It is ordered by the court that this action be and the same is dismissed for want of prosecution, to which the plaintiff excepts."

It is the above judgment dismissing the case for want of prosecution which plaintiff seeks to reverse by this appeal. He has brought before us the full transcript of the first trial, and asks that we not only reverse the judgment dismissing the case, but that the trial court be directed to set aside the order granting the new trial and to reinstate the judgment for $2,500.00 in his favor.

Briefs of counsel discuss in an interesting and learned manner many questions which they conceive to be presented and pertinent to this hearing, but in which we think they are mistaken, for the reason which we will hereafter consider. The questions discussed are: (1) The propriety of the order granting the new trial. (2) The sufficiency of the petition to authorize a recovery for any negligence except that specifically alleged. (3) The effect of the answer, as well as the admission of evidence without objection, to cure the omission in the petition and allow plaintiff to recover on any other negligence

than that which he alleged, upon the ground that the omission was cured by the answer and the verdict. (4) The order of the court overruling plaintiff's motion to set aside the order granting the new trial, and (5) the alleged error of the court in overruling plaintiff's motion made on the day set for the second trial to read the transcript of testimony of the three witnesses which he mentioned in his motion.

Incidentally, and growing out of the above questions, counsel also discuss the finality of the judgment appealed from, but, as stated above, a decisive preliminary question, which seems to have been overlooked by counsel for both sides, renders it unnecessary, according to our view, to discuss any of the questions enumerated above. That preliminary question is the right of the plaintiff, under the facts disclosed by the record, to prosecute this appeal.

The universal rule regulating the right of appeal is that it will not lie in favor of one unless there has been an involuntary adverse judgment against him. If the judgment appealed from was rendered at his instance, upon his motion, or by his consent, he will not be allowed to complain of it on appeal, and when it is rendered by the court because of some voluntary conduct on the part of the complaining litigant necessitating the judgment, it has the same effect in this respect as if it had been rendered upon his motion. The rule is thus stated in 3 Corpus Juris, pages 500-501:

"As a general rule, in the absence of a statute, an appeal or writ of error will not lie at plaintiff's instance, either at law or in equity, from a judgment, order, or decree of dismissal or discontinuance entered at his request or with his consent, or from a voluntary non-suit, as he is estopped by his consent. It has also been held that a non-suit is voluntary within this rule, and no appeal will lie therefrom, although plaintiff consented or submitted to the same because of an adverse ruling of the court on the trial which would prevent a recovery by him."

In support of the text the case of Illinois Bank v. Hicks, 4 J. J. Marshall, 128, is referred to. The facts in that case are in substance identical with those in this case. The plaintiff bank obtained a judgment against the defendant, which was afterward set aside upon a motion

for a new trial. At a subsequent term a jury was empaneled to try the case, and the plaintiff declining to introduce any testimony, the court rendered judgment in favor of defendant for costs and dismissed the petition. Later on in the term the plaintiff moved the court to set aside the order of dismissal and to reinstate the cause, which motion was overruled. In the course of the opinion this court said:

"If the circuit court in the present case has committed no error, if it has done nothing to mislead the plaintiffs and to induce them to suffer a non-suit, then they have no right to a reversal of the order, no matter what consequences may result."

It is then determined from the record that the court committed no error in directing the non-suit when plaintiff refused to introduce any testimony, and in closing the opinion the court said:

"The assignment of errors questions the correctness of the decision of the court in setting aside the verdict in favor of the plaintiffs and granting a new trial. We can not inquire into the errors thus assigned, if they really exist according to the assignment. The plaintiffs have abandoned their action by voluntarily suffering a non-suit, uninfluenced by any error on the part of the court. Suppose the plaintiffs since the non-suit have instituted another action and obtained judgment for the amount of the bill of exchange; in that event, if we were to determine that the court erred in awarding a new trial, and were to remand the cause with directions to enter judgment in favor of the plaintiffs upon the verdict of the jury, then the plaintiffs would have two valid judgments for the same debt, and each might be collected. The possibility of such injustice is a sufficient reason why this court should refuse to examine the proceedings had upon the first trial. The case of Watson v. Anderson, Hardin 459, is an authority in point."

The case of Watson v. Anderson, Hardin 459, referred to in that opinion, sustains the court's holding in the Hicks case, the court in the former case saying, in the course of its opinion:

"But even if the decision of the court had been erroneous, the plaintiff can not now make the objection. Having submitted to a non-suit, which he was not bound to do, he has abandoned his cause; and, therefore, can

not avail himself of an objection to the opinion of the court with regard to evidence. This doctrine is recognized by the Court of Appeals of Virginia; 1 Wash. Rep. 138; and is supported by the principles of the case of Trigg v. Shields, decided the last term."

The opinion then proceeds to give as a reason for the announced rule, that the non-suit or dismissal "for want of prosecution" is in effect a dismissal without prejudice to the bringing of a subsequent suit, and tantamount to a voluntary one, and if plaintiff should be given the right of appeal and should afterward file another suit against defendant, he would have two causes pending against defendant, seeking the same relief, upon the same facts.

An additional reason, which we think is sound, is one hereinbefore referred to—that plaintiff should not be allowed an appeal from an order or judgment which he necessitated because of his voluntary act. In this case there was no alternative for the trial court but to dismiss the cause for want of prosecution. If, however, it should be conceded that plaintiff's action in refusing to introduce testimony was involuntary, because of an erroneous ruling against him (a question not determined), he would then be in no better condition, since there was no error committed in overruling his motion to permit him to read the transcribed testimony of the three witnesses. The right to read such testimony is provided for by section 4643 of the Kentucky Statutes, and it can only be granted "where the testimony of such witness or witnesses can not be procured," which must satisfactorily appear to the court by the affidavit of the party making the motion, or his attorney. In this case the affidavit upon which the motion was made shows no ground why the depositions of the witnesses had not been taken, nor does it show that the witnesses were then absent from Jefferson county, or even absent from the court house at the time the motion was made. One of them lived in the city of Louisville, and the other two across the river in New Albany, both of the latter, according to the record, being employed by the defendants to work in Jefferson county. No motion was made for a continuance of the case or a postponement of the trial to another day in the term.

In construing the applicability of the section, *supra*, of the statute, this court, in the case of Southern Railway Company in Kentucky v. Owen, 164 Ky. 621, said:

"But this (the section) does not mean that merely because the witness is not present in court his former evidence may be used. If the witness be dead, or insane, or laboring under such physical or mental infirmity as to render it impossible to procure his deposition within a reasonable time, or if he is absent from the state and his whereabouts unknown so that his deposition can not be procured, or when other conditions of like nature exist rendering it impossible to obtain his deposition, the use of the former evidence is permissible.

"But where the witness is within the state, although ill at the time of the trial and temporarily unable to attend court, the testimony of such witness may be procured.

"The statute does not mean 'procured right at the time the offer is made to read the former evidence;' it means when the present testimony of the witness can not be procured according to the methods prescribed by law for obtaining the same. It was not the intention of section 4643 to abrogate the provisions of the Code in respect to the use of depositions on the trial of ordinary actions."

So, under this view, which is the one most favorable to plaintiff, he has failed to relieve himself from voluntarily producing the judgment from which he appeals, and, as we have seen, he is not entitled, under the circumstances, to have us review it.

While the order dismissing the cause does not expressly say so, its effect is to dismiss it without prejudice, since the ground upon which it was made did not go to the merits of the case, and under the rule of the cases of Hilton, et al. v. Hilton's Admr., et al., 110 Ky. 522; Potter, &c. v. Redmond's Gdn., &c., 123 Ky. 400, and Wilson's Admr. v. De Loach, &c., Idem. 393, the order of dismissal being made for want of prosecution, and not upon any ground going to the merits of the case, it must be held to be without prejudice to plaintiff's right to file another suit, if he chooses to do so and is not otherwise prevented.

Wherefore, the judgment is affirmed.