## Shannon, et al. v. Gillem.

(Decided November 13, 1925.)

### Appeal from Johnson Circuit Court.

Appeal and Error—No Appeal Lies from Judgment which had Been Set Aside by Order Entered on Stipulation of Parties.—Where judgment was taken and later modified by court, and still later, on stipulation of parties, case was dismissed, it was held that no appeal would lie from judgment originally taken, since it was abrogated and set aside by order entered on stipulation.

D. L. HAZELRIGG, HOLT, DUNCAN & HOLT and E. L. McDONALD for appellants.

S. S. WILLIS, WHEELER & WHEELER and O'REAR, FOWLER & WALLACE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Dismissing appeal.

In this action, appellee claimed to be the owner of a certain tract of land upon which he alleged the individual appellants herein were committing continuing acts of trespass. He asked an injunction enjoining such trespasses and a judgment for damages for trespasses committed. These appellants defended the suit on the ground that they were the employees of the corporate appellant, the Union Gas & Oil Company, which had an oil lease on the property in question, and that the trespasses complained of were simply acts committed by them as such employees in the prosecution of the development of the lease. The corporate appellant was not made a party to the suit in the lower court. The appellee joined issue on the validity of this oil lease. After proof had been taken, the trial court on July 18, 1923, entered a judgment enjoining the individual appellants from further trespassing on the property claimed by appellee, but reserving the question of damages for

future consideration. In this judgment the court also adjudged that the oil lease referred to had become void and forfeited because of nondevelopment.

On November 9, 1923, at a succeeding term of court, on motion of the appellant, Union Gas & Oil Company, the court struck from the judgment it had entered in the previous July so much thereof as adjudged the lease of the oil company void and forfeited, but it still reserved the question of damages reserved in the former judgment.

On October 6, 1924, the following order was entered:

"This day came the plaintiff by his attorneys, S. S. Willis, and the defendants by Holt, Duncan and Holt, their attorneys, and appearing to the court that the parties hereto have agreed to finally dismiss this case at the cost of the defendants, it is therefore ordered that the same be and it is hereby dismissed at the cost of the defendants."

A question having arisen in other litigation between the Union Gas & Oil Company and the appellee herein as to whether or not the judgment of July 18, 1923, was *res adjudicata,* on the question of the validity of the oil lease and was binding on the Union Gas & Oil Company in that it had financed the defense of the individual appellants in this suit, had employed lawyers, had produced the witnesses and had taken charge and control of the litigation, the individual appellants together with the Union Gas & Oil Company bring this appeal from the judgment entered on July 18, 1923. Appellee has made a motion in this court to dismiss such appeal.

A large part of the briefs in this case is devoted to the question whether the judgment of July 18, 1923, is a final judgment or only an interlocutory one. Whether it was or not, we deem immaterial, as we think both the judgment of July 18, 1923, and its modification of November 9, 1923, conceding the same to be valid, were both merged into and superseded by the agreed order entered on October 6, 1924, dismissing this case at the appellant's cost. This order entered by agreement was intended to and did put an end to that litigation. It was undoubtedly intended to take the place of the judgments previously entered. This being true, the judgment herein appealed from was no longer in force and effect at the time this appeal was taken, having been set aside and abrogated by the agreed order of October 6, 1924.

The case having been thus ended by agreement no appeal lies. Taylor v. Slider, 185 Ky. 756, 215 S. W. 827; Karnes v. Black, 185 Ky. 410, 215 S. W. 191; Bosworth v. Kentucky Highlands R. Co., 183 Ky. 749, 210 S. W. 671.

Therefore, the motion of the appellee to dismiss this appeal must be and it is hereby sustained.