## Hysteam Coal Corporation v. Ingram et al.

June 7, 1940.

James F. Bailey, Judge.

412

J. Woodford Howard and W. P. Mayo for appellant.

Wheeler & Wheeler and Fred Meade for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

On May 22, 1934, the appellee, W. J. Ingram, was severely injured by an explosion of powder while employed in appellant's mine. Both parties had accepted the provisions of the Workmen's Compensation Act, and although application for compensation was executed by appellee on December 14, 1934, for some unexplained reason it was not filed with the Workmen's Compensation Board, hereinafter referred to as the Board, until May 18, 1935. A hearing was set at Inez, Kentucky, for July 13, 1935, and upon failure of appellee or his attorney to appear, the hearing was continued to September 30th. Again, neither appellee nor his attorney appeared, and appellant on that day moved Hon. W. H. Flanary, referee, to dismiss the claim for want of prosecution. Pursuant to this motion, the Board entered this order on October 15, 1935:

"It is ordered that this case be, and the same is hereby, dismissed for lack of prosecution."

No further action was taken in the case until January 20, 1937, when Mr. C. F. Pace, the attorney for appellee, filed a motion with the Board asking that the application be redocketed and set for hearing. Mr. Pace supported this motion by his affidavit averring he had no notice of the hearing held at Inez on September 20 (evidently meaning September 30), 1935, and that the first information he had of such hearing was the receipt of a copy of the order entered October 15, 1935; that

had he received such notice he would have appeared and represented his client. It is worthy of mention that his affidavit did not state when he received the copy of the order entered October 15th, although we assume it was within a reasonable time after it was entered, which in all likelihood was within a few days after October 15, 1935.

On February 19, 1937, appellant filed a special demurrer to appellee's motion to redocket on the ground that the Board had lost jurisdiction of the case when a full Board review was not asked within seven days after the case was dismissed, as required by Section 4934, Kentucky Statutes. On the same day in support of the special demurrer appellant filed a pleading styled "resistance to motion to redocket", in which it averred the Board gave the attorneys on each side notice of the hearing set for July 13, 1935, and that the records of the Board show each attorney was given due notice of the hearing set for the following September 30th, at Inez. By an "amended resistance to motion to redocket", it is pleaded that appellee had prosecuted no appeal to the circuit court from the order dismissing as required by Section 4935, Kentucky Statutes. On March 16, 1937, the Board overruled appellee's motion to redocket.

On April 13, 1937, Mr. Fred Meade, as attorney for appellee, filed a motion asking the Board to set aside the orders of October 15, 1935 and of March 16, 1937, because these orders were entered by fraud or mistake and that appellee was never notified by either the Board or his attorney when the case was set for hearing. On June 1, 1937, appellant's special demurrer to this motion was overruled, and the Board ordered the case "reopened and redocketed for further trial".

Appellant filed answer to appellee's claim for compensation setting out in detail the various steps as above outlined, and pleaded that the Board had no jurisdiction to hear appellee's second motion to reopen the case after having overruled his first motion asking this same relief on the same grounds; that the Board had no jurisdiction to conduct a hearing of the application on its merits and that appellee was barred by the statutes of limitation from now asserting a claim for compensation. Appellee's reply completed the issue and proof was heard as to his injuries and the extent of his re-

sultant disability. A referee awarded him $15 per week for temporary total disability for 46 weeks and 45% permanent partial disability for 289 weeks to be credited by $241.96 appellant had paid him for temporary total disability, and subject to the further credit of $30.90 he owed appellant on account; the award also included medical bills not exceeding $200. A review by the full Board on appellant's motion resulted in a reduction in appellee's permanent partial disability from 45% to 25%, and in his medical expenses from a sum not exceeding $200 to a sum not exceeding $100. Within the statutory period, appellant filed his petition in the Martin Circuit Court for a review of the finding of the full Board, raising the question of the Board's jurisdiction to hear this cause after it had dismissed same for want of prosecution and after it had overruled appellee's first motion to reopen. The circuit court sustained the findings of the full Board, dismissed the petition for review and this appeal followed.

Appellant does not seriously contend that the evidence fails to support the findings of the Board relative to appellee's disability and the award made him. The sole question presented by this appeal is whether or not the Board could sustain a second motion made on April 13, 1937, to reopen the case because of appellee's alleged failure to receive notice of the hearing after it had overruled his first motion made January 20, 1937, on this same ground.

Appellant takes the position that when the Board dismissed appellee's application for want of prosecution, this had the effect of dismissing without prejudice, and he was in the same position as if no application had been filed; that if we do not accept this view and hold the Board had jurisdiction to reopen the case on motion, then when the Board overruled appellee's first motion to reopen, this became res judicata on the second motion on the same grounds contained in the first. Appellee argues that under Section 4902, Kentucky Statutes, the Board had authority at any time during the period for which he was entitled to receive compensation, upon the application of either interested party, or upon its own motion, where there has been a change of conditions, mistake or fraud, to reopen and review any order made by it.

The unyielding rules of law do not apply in Work-

men's Compensation cases and we are not prepared to say that where the Board dismissed an application for want of prosecution, under the alleged mistaken belief that the claimant or his attorney had received notice of the hearing and chose not to prosecute same, it might not set aside such order and grant a hearing of the cause on its merits on motion seasonably made by the claimant; Section 4987, Kentucky Statutes (Workmen's Compensation Act shall be liberally construed); Louisville Milling Co. v. Turner, 209 Ky. 515, 273 S. W. 83; Stearns Coal & Lumber Co. v. Vanover, 262 Ky. 808, 91 S. W. (2d) 518. Extending to appellee the greatest of leniency in order to make certain no injustice is done him, we will assume his attorney, Mr. Pace, did not receive notice of the order of October 15, 1935, dismissing his application until shortly before the first motion to reopen was filed on January 20, 1937; and we will further assume such motion was filed within a reasonable time after Mr. Pace received a copy of this order or learned of its entry. On the hearing of this motion the Board had before it the affidavit of Mr. Pace, as appellee's attorney, and the "resistance to motion" filed by appellant, which, as amended, alleged the records of the Board showed the attorneys of both parties were duly notified of the hearing to be held on July 13, 1935, as well as the one to be held on September 30, 1935. Therefore, when the Board on March 16, 1937, overruled this motion to reopen it passed upon the merits of the controversy then before it.

Appellee's motion filed on April 13, 1937, was based upon the same ground and was but a reiteration of his motion which was overruled on March 16th, previous. The doctrine of res judicata applies to the rulings of a Workmen's Compensation Board the same as it does to the decisions of a court, 34 C. J. 759, Sec. 1171; and 34 C. J. 878, Sec. 1287; 71 C. J. 1195, Sec. 1101; Happy Coal Co. v. Hartbarger, 251 Ky. 779, 65 S. W. (2d) 977. In the Hartbarger case it was pointed out that if the motion to reopen were resisted and there was a decision denying the motion on its merits, such decision would be given the same effect as if the motion had been sustained and a retrial ordered; otherwise, one seeking compensation before the Board would never be precluded and could continue to file innumerable motions for a rehearing of the case until the term expired under the law for making them. Byrne & Speed Coal

Corp. v. Dodson, 263 Ky. 848, 94 S. W. (2d) 24, followed the reasoning of the Hartbarger case and quoted from it with approval; but as there was no examination of the merits of either the first or second motion made in the Dodson case to reopen, the judgment of the circuit court directing the Board to reopen the case was affirmed. In the instant case there was a hearing on the merits of the first motion to reopen, hence the decision of the Board not to reopen on the first motion was res judicata, on a repetition of that motion made a month later on the same grounds.

In Kentucky Wagon Mfg. Co. v. Esters, 221 Ky. 63, 297 S. W. 811, 812, the Board refused compensation and Esters filed a motion to reopen under Section 4902 of the Statutes on the ground of mistake, which motion the Board overruled. About four months later he filed a second motion to reopen based on the same grounds as the first, and the Board overruled this second motion. Upon a petition for a review being filed in the circuit court, it was ordered that the case be reopened. On an appeal the judgment of the circuit court was reversed and it was pointed out that when the Board refused to reopen the case, the procedure for Esters to take was to file a petition in the circuit court within 20 days as is provided by Section 4935 of the Statutes, rather than to file a second motion before the Board, and his petition to the circuit court for review after the second motion was overruled came too late. It was there written:

'It is just as essential that there should be an end to litigation in cases arising under the Workman's Compensation Act as in other cases.''

In Washington v. Clover Fork Coal Co., 269 Ky. 604, 108 S. W. (2d) 502, we held that the Act did not authorize the granting of a second full Board review and such action by the Board was erroneous. There runs through the decisions of all courts a motif that litigation cannot be interminable, and that it must not be prolonged unduly by one procedure when the statutes provide another procedure which protects the rights of litigants just as effectively, and directs a route which will lead to a quicker end of the controversy.

We are not certain that his motion to reopen and redocket the case comes within the provisions of Section 4902 as appellee was neither given nor refused an

award by the Board, which in dismissing his application for want of prosecution had the effect of dismissing without prejudice and leaving him in the same position as if no application had been filed; Southern National Life Realty Corp. v. People's Bank of Bardstown, 178 Ky. 80, 198 S. W. 543; Taylor v. Slider, 185 Ky. 756, 215 S. W. 827. Section 4902 provides for the review of "any award or order, ending, diminishing or increasing the compensation previously awarded", and was construed in McIntosh v. John P. Gorman Coal Co., 253 Ky. 160, 69 S. W. (2d) 7, 8, to apply to one "to whom an award has been granted or refused by the board". Conceding but not deciding that Section 4902 applies to appellee's motion to reopen, we find a motion to reopen and redocket a case after the Board has made a final order therein has been likened to a motion for a new trial, and should be governed by the rules applicable thereto: Wagner Coal & Coke Co. v. Gray, 208 Ky. 152, 270 S. W. 721. When a motion for a new trial is made as provided in Section 342 of the Civil Code of Practice, and after same has been overruled, no additional grounds may be filed unless they are filed within the three days prescribed for the filing of the original motion; Kentucky Cent. Ry. Co. v. Smith, 93 Ky. 449, 20 S. W. 392, 14 Ky. Law Rep. 455, 18 L. R. A. 63; Kentucky Journal Pub. Co. v. Brock, 140 Ky. 373, 131 S. W. 1; Shields Const. Co. v. Cowan, 270 Ky. 173, 109 S. W. (2d) 585. Applying the rules which govern motions for a new trial to appellee's motion to reopen, it is seen that the second motion to reopen was not seasonably made when it came practically three months after the first one was made and practically one month after the first one was overruled. It follows, therefore, that the court erred in sustaining the second motion filed by appellee to reopen.

The judgment is reversed with directions to the circuit court to enter a judgment sustaining appellee's petition for review and setting aside the award of the Board.

The whole court sitting, except Judge Rees, who was absent.

Judge Tilford dissenting.