Ronald W. BLACKBURN, Appellant,

v.

LOST CREEK MINING; Lost Creek Mining, as Insured by Old Republic Insurance Company; Frasure Branch; Special Fund; Lloyd R. Edens, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Lost Creek Mining, Cross–Appellant,

v.

Ronald W. Blackburn; Frasure Branch Coal Company; Special Fund; Lloyd R. Edens, Administrative Law Judge; and Workers' Compensation Board, Cross–Appellees.

Nos. 2000–SC–0098–WC, 2000–SC–0122–WC.

Supreme Court of Kentucky.

Nov. 22, 2000.

---

10. *Bock v. Graves*, Ky., 804 S.W.2d 6, 9 (1991).

11. *Jones v. Hogg*, Ky., 639 S.W.2d 543 (1982).

Ronnie Merel Slone, Prestonsburg, for Blackburn.

David H. Neeley, Neeley & Reynolds Law Firm, P.S.C., Prestonsburg, for Lost Creek Mining.

Benita J. Riley, Riley & Walters, Prestonsburg, for Lost Creek Mining, as Insured by Old Republic Ins. Co.

John Harlan Callis, III, Boehl, Stopher, & Graves, Prestonsburg, for Frasure Branch.

David R. Allen, David W. Barr, Labor Cabinet, Special Fund, Frankfort, for Special Fund.

## OPINION OF THE COURT

This workers' compensation appeal concerns whether the Court of Appeals erred by reversing the claimant's retraining incentive benefit (RIB) award based upon its construction of KRS 342.125 as precluding the reopening of a dismissed RIB claim.

In 1992, the claimant had filed a RIB claim against a former employer and submitted medical reports from Drs. Myers and Baker which indicated the presence of category 1/0 pneumoconiosis. Reports from Drs. Wright and Lane indicated category 0/0. The claim was dismissed on April 9, 1993, upon an Administrative Law Judge's (ALJ's) determination that the claimant had failed to demonstrate the presence of category 1 pneumoconiosis.

After leaving that employment, the claimant worked successively for two other mining companies. In 1994, he sustained a work-related injury while employed by the second company. After recovering from the injury, he became employed by Lost Creek Mining (Lost Creek) and sustained seven to eight months of additional exposure to coal dust. He testified that he quit working due to left arm, shoulder, and neck pain and to numbness in his hands. His subsequent claims for the injury and for pneumoconiosis were consolidated. The ALJ determined that the claimant had sustained a 50% occupational disability due to the injury and awarded income benefits. That claim is no longer at issue.

Claimant alleged that he had worked as an underground coal miner for a total of approximately 17–18 years and that he suffered from category 1 pneumoconiosis. The parties stipulated that the last exposure occurred on August 26, 1995. On October 23, 1995, the claimant was again diagnosed with category 1/0 disease by Dr. Myers. He attempted to notify Lost Creek by means of a letter which was dated October 26, 1995, and a similar letter dated October 31, 1995; however, both letters were returned with the notation "addressee unknown." A third letter, dated November 9, 1995, was accepted by Rene Crum. Dr. Lane diagnosed category 1/0 disease on November 18, 1995. A RIB claim was filed against Lost Creek in January, 1996.

Lost Creek did not assert that KRS 342.125 precluded the reopening of a dismissed RIB claim. Its defense was that the claimant did not suffer from pneumoconiosis and that he failed to give timely notice. Dr. Wright interpreted the November 18, 1995, x-ray as category 0/0. Dr. Westerfield interpreted a March, 1996,

x-ray as category 0/0 and indicated that claimant's respiratory impairment was not so great as to be compensable.

In deciding the 1996 claim, the ALJ noted that the 1992 RIB claim had been dismissed upon a finding that the claimant had failed to prove that he suffered from pneumoconiosis. Although additional exposure was sustained in subsequent employments after the 1992 claim was dismissed and although a new claim was filed against Lost Creek in 1996, the ALJ determined, without explanation, that the matter must be treated as a reopening.[1] Noting that Dr. Lane had reported category 0/0 disease in the initial RIB claim and now reported category 1/0, the ALJ determined that claimant had shown a worsening of his condition. The ALJ chose to rely upon the testimony of Dr. Lane, determined that claimant suffered from category 1/0 disease, and awarded a RIB. In determining that Lost Creek was given timely notice, the ALJ again referred to the prior claim, noted that the claimant was found not to have pneumoconiosis, and pointed out that notice was received by Lost Creek within three weeks of the October, 1995, diagnosis.

Lost Creek appealed, asserting that under both the 1994 and 1996 versions of KRS 342.125, the claimant had failed to present evidence sufficient to support a RIB award. It asserted that the reopening of a RIB claim was controlled by KRS 342.125(2)(a) which required evidence of both a progression of the previously-diagnosed pneumoconiosis and the development of respiratory impairment. Lost Creek also asserted that the claimant failed to give timely notice or to prove that notice was actually received. It did not assert that KRS 342.125 precluded the reopening of a dismissed RIB claim.

The Workers' Compensation Board (Board) rejected Lost Creek's arguments. It was persuaded that KRS 342.125(1) applied to the reopening of a previously dismissed RIB claim, concluded that claimant gave timely notice under the circumstances, and affirmed. Lost Creek appealed, again asserting that only KRS 342.125(2)(a) applied, that claimant did not meet the evidentiary requirements of either the 1994 or 1996 version of KRS 342.125, and that he had failed to give timely notice. It did not assert that KRS 342.125 precluded the reopening of a dismissed RIB claim.

The Court of Appeals reversed the award, concluding that since April 4, 1994, only KRS 342.125(2)(a) may be applied to the reopening of claims controlled by KRS 342.732. Although no argument to that effect was raised by a party, the court also determined that KRS 342.125(2)(a) authorizes the review of an "award" and, therefore, that it precludes the reopening of a dismissed RIB claim. The court noted that, in the absence of an award, there is nothing to reopen and that the dismissal of the original claim left the claimant in the same position as if the claim had never been filed. *Hysteam Coal Corp. v. Ingram*, 283 Ky. 411, 141 S.W.2d 570 (1940). Claimant appeals, and Lost Creek cross-appeals.

Claimant asserts that the Court of Appeals erred by reversing his award. He points out that his first RIB claim was filed against a previous employer. After the first claim was dismissed, he became employed by Lost Creek, sustained additional exposure to coal dust, obtained new evidence, and filed a new claim against Lost Creek. Although the two claims were filed against different employers, the ALJ treated the claim against Lost Creek as a reopening, and awarded a RIB. Claimant asserts that the Court of Appeals erred by rendering a decision which, contrary to the thrust of this Court's decision in *Pikeville Coal Co. v. Sullivan*, 895 S.W.2d574 (1995), would deny reopening in every dismissed RIB claim. He also as-

---

1. Although no authority for doing so was cited, it would appear that the ALJ was relying upon our decision in *Pikeville Coal Co. v.. Sullivan*, Ky., 895 S.W.2d 574 (1995).

serts that, even if the Court of Appeals is correct in concluding that there is nothing to reopen upon the dismissal of a RIB claim, his award is proper because he filed a new claim against Lost Creek and because the ALJ determined that he had demonstrated both a worsening of condition and the presence of category 1 disease.

■ Lost Creek asserts that the Court of Appeals' construction of KRS 342.125 is correct. Lost Creek's cross-appeal asserts that the 1996 amendments to KRS 342.125(2) and (5)(a) are remedial and control the reopening of the claim. It also asserts that the evidence compelled a conclusion that the claimant failed to give timely notice.

We begin by observing that the facts which were present in *Pikeville Coal Co. v. Sullivan, supra,* differ significantly from those which are present in the instant case. First, that case involved a series of three RIB claims. All three claims were filed within a two-year period against the same employer, and the second claim involved the same evidence that had been rejected by an ALJ in dismissing the first claim. Therefore, the circumstances supported an argument that the filing of successive claims amounted to "judge shopping" and economic blackmail of the employer. Second, in view of the fact that our decision was rendered in March, 1995, following an ALJ's decision and appeals to the Board and the Court of Appeals, it is apparent that the claim was filed and practiced under the pre-April 4, 1994, version of Chapter 342. At that time, KRS 342.125(1) did not refer to orders or awards pursuant to KRS 342.730. Third, nothing in our decision contemplated a reopening where a worker filed an unsuccessful RIB claim against one employer, subsequently became employed by a different employer, sustained additional exposure to coal dust, and, some four years after the filing of the initial claim, filed a new RIB claim against the subsequent employer. We are not convinced that it was appropriate for the ALJ to treat the instant claim as a reopening or that *Pikeville Coal Co. v. Sullivan, supra,* has any application to the present facts. Under those circumstances, any effect that the 1994 amendment to KRS 342.125(1) may have had on the possibility of reopening a dismissed claim and any effect the 1996 amendment to KRS 342.125(5)(a) may have had is immaterial.

■ The employer has asserted that the claimant may not prevail on appeal, even if we were to determine that KRS 342.125 does not control his claim, because he failed to file a cross-appeal at the Board and the Court of Appeals in order to assert that the ALJ erred by treating the matter as a reopening. We disagree. Although we have concluded that the ALJ erred by treating the new claim against Lost Creek as a reopening, the claimant was awarded a RIB, the ultimate relief which he had sought. The Court of Appeals decided Lost Creek's appeal on the basis of an issue that had never been raised by the parties. Under those circumstances, we are not persuaded that the claimant was required to cross-appeal at the Board and the Court of Appeals in order to preserve the argument that, even if the 1994 version of KRS 342.125 precluded the reopening of a dismissed RIB claim, he was entitled to prevail because he had filed a new claim and sought to have the matter treated as such by the ALJ. See *Brown v. Barkley,* Ky., 628 S.W.2d 616, 619 (1982). The authority upon which the employer relies is not persuasive on the present facts.

■ KRS 342.316 requires that notice of a "claim" for occupational disease be given "as soon as practicable" after the worker receives a diagnosis of the condition or experiences symptoms which reasonably apprise him that he suffers from the condition. KRS 342.200 provides that a delay in giving notice may be excused by mistake or other reasonable cause. Relying upon *Newberg v. Slone,* Ky., 846 S.W.2d 694 (1992), Lost Creek asserts that the claimant was required to give notice of his previous diagnosis and his potential claim

as soon as practicable after he ceased his employment with Lost Creek in August, 1995.

It is undisputed that the claimant was diagnosed with category 1/0 pneumoconiosis by Drs. Myers and Baker at the time of his 1992 claim; however, that evidence was adjudged not to demonstrate that he suffered from the disease. The claimant became employed by Lost Creek after the decision and did not obtain a second diagnosis of category 1/0 disease from Dr. Myers until after the employment with Lost Creek ceased; whereupon, he attempted to notify Lost Creek. The ALJ determined that notice was received by Lost Creek within three weeks of the diagnosis. Several days later, claimant was again diagnosed with category 1/0 disease by Dr. Lane, a physician who had reported category 0/0 in the initial claim. The ALJ concluded that under the circumstances, notice was timely. We are not persuaded that the legal conclusion which the ALJ drew from the evidence was so unreasonable that it must be viewed as erroneous as a matter of law.

We have determined that KRS 342.125 does not apply to this claim and that the claimant was entitled to have the matter considered as the new claim which it was. It is undisputed that the claimant introduced evidence which met the medical criteria for a RIB, that the ALJ was persuaded by the claimant's evidence, and that the ALJ's finding that he suffered from category 1 disease was supported by substantial evidence. We have reaffirmed the finding that Lost Creek was given timely notice of the claim. Under those circumstances, the claimant was entitled to his RIB award.

The decision of the Court of Appeals is hereby reversed, and the award which was entered by the ALJ is reinstated.

All concur.