CASE 72.—ACTION BY JOHN W. BLANTON AND ANOTHER
AGAINST JOHN L. VINCENT AND ANOTHER.—
Sept. 30, 1909.

## Vincent, &c. v. Blanton, &c.

Appeal from Edmonson Circuit Court.

JOHN M. GALLOWAY, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Reversed.

Judgment—Res Judicata—Issues.—Where the title to and right
of possession of a body of land was in issue in a prior suit,
in which it was necessary to define the boundary of the
land which plaintiffs therein were seeking to. recover, and
this was done, the judgment was res judicata as to the lo-
cation of the boundary, under the rule that a prior judgment
is res judicata, not only as to all that was in issue in the
previous suit, but all that should have been in issue.

MILTON CLARK for appellants.

OPINION OF THE COURT BY JUDGE O'REAR—Revers-
ing.

Blanton, the trustee of school district No. 42 in Ed-
monson county, and Higgs sued appellee Vincent and
the sheriff to restrain the execution of a writ of pos-
session issued upon a judgment of the Edmonson
Circuit Court in the suit of Wood Vincent's Heirs v.
Blanton et al. The appellant, J. L. Vincent, was a
party to that suit. So were all the appellees here
(the plaintiffs above named). The subject-matter
of the former suit was the title and right of posses-
sion to a certain body of land in Edmonson county,
described as containing about 35 acres. Blanton

claimed that he owned the land, and had sold part of it to Higgs and a part of it to the school district. Issue upon the ownership was joined. This court decided that Vincent's heirs owned the land. See Vincent v. Blanton, 85 S. W. 703, 27 Ky. Law Rep. 489. The writ of possession was issued in behalf of the Vincents upon the judgment directed to be entered by this court in that opinion.

This suit proceeded upon the idea that the old suit did not present the question, nor was it decided, where the dividing line between the two tracts in controversy was located. It was necessary in the first suit to define the boundary of the land which the plaintiffs (the Vincents) were seeking to recover. That was done. If that boundary was not correctly represented, an issue should have been tendered by the other parties. The rule is, not only is all that was at issue in the previous suit concluded by its judgment, but all that should have been at issue in that suit is likewise concluded, else we would have the trial of lawsuits by piecemeal. There would be no end to a litigation. The plea in bar in this case should have been sustained.

Judgment reversed, and cause remanded with directions to dismiss the petition.

See also 85 S. W. 703, 27 Ky. Law Rep. 489.