## Rau, et al. v. Rowe's Administratrix, et al.

(Decided February 25, 1916.)

### Appeal from Fayette Circuit Court.

1. Life Estates—Payment of Taxes.—It is the duty of the holder of a life estate to pay for taxes and improvements upon the property so held.

2. Husband and Wife—Listing Wife's Property for ·Taxation—Evidence.—Evidence that the. husband listed his wife's property for taxation in his own name and that his wife got all the rents therefrom, and that he up to a short time before his death paid all the taxes on her property, is not sufficient to establish a contract between them that he should pay such taxes.

3. Executors and Administrators—Repair of Wife's Property—Claim For Against Estate.—Material and labor used in repairs on the wife's property contracted for by the husband and charged to his account constituted a valid claim against his estate as he had the right to improve his wife's property at his own expense, and no one other than his creditors can question that right.

GEORGE C. WEBB for appellants.

GEORGE S. SHANKLIN for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

H. L. Rau was a native of Germany, came to this country in his youth, and thereafter changed his name to Rowe.

He and Nellie B. Rowe were married in 1882, and shortly thereafter settled in Lexington. They seem to have been a thrifty couple, and together with his income from his occupation as an architect and an inheritance of hers of about $2,500.00 or $3,000.00 they acquired considerable real· estate in the city of Lexington.

At the time of his death in January, 1913, he owned the fee simple title to a valuable house and lot in that city; she owned a fee simple title to several lots. They owned a house and lot jointly for life with remainder to

the survivor and the ultimate remainder to the heirs of H. L. Rowe, and she owned other pieces of property for life with remainder to H. L. Rowe and his heirs.

The couple never had any children, and in this suit to settle his estate, she having qualified as his administratrix, has been allowed by the lower court certain credits in her settlement for taxes and improvements paid by her out of his estate on property to which she either held the fee simple title or the life estate; she was also allowed certain claims for taxes paid by her on such property during the life of H. L. Rowe which she claims it was his duty to have paid, and which she as alleged paid for him.

This is an appeal from the action of the lower court by his heirs at law in allowing such credits and claims.

It is conceded that primarily it was her duty to pay the taxes and improvements upon the property to which she held the fee simple title and to which she held the life estate, and that independent of a contract between them she has no claim against his estate for such payments by her, and that such payments in the absence of such contract cannot be allowed as claims against his estate; but it is asserted that the duty rested upon him and his estate to pay these taxes under the terms of an agreement made some years ago between the husband and wife to the effect that he was to pay all taxes and improvements on all of the property acquired by either of them, and that she was to receive the rents therefrom, and that such accumulations were to be put into other property; that this arrangement was made about the time she received the inheritance which had been invested under this agreement.

The appellants deny that any such agreement ever existed, and the only question necessary to be determined is whether the competent evidence establishes the same.

After eliminating the evidence of the widow, which was excepted to, and which, of course, was incompetent, the evidence tends to show that during these years Rowe listed all the property for taxation in his own name; that his wife's inheritance was invested in some of this property; that he told certain persons that his wife got all the rents, and that if it was not for her he would not have any property; that, up to within a few years of his death he paid all the taxes on all the property; that he sometimes complained of being hard up because it took

all of his money to pay taxes and insurance, etc.; that for all the repairs involved he had ordered the material, directed the work to be done, and had it charged to himself.

Considering the relations between the parties, does this evidence show, or even tend to show, that there was any such contract between them as to the payment of taxes and improvements by him?

This childless couple sustained the tenderest relations to each other, and there is nothing more natural than that he should, in the absence of any agreement, have listed her property for taxation, paid the taxes thereon, and kept up the repairs. As a matter of common knowledge we know that such things happen in thousands of families and that no account is kept or considered as between the husband and wife. Under these conditions we see no reason why this evidence should be held to establish a contract between these parties. His income and her inheritance were jointly used as a basis for the accumulation of this property, and there is nothing more natural than that he should have paid the taxes and kept up the repairs on her property independent of any agreement.

In our opinion the competent evidence falls far short of establishing any contract between them, and therefore, under the law it being primarily her duty to pay the taxes on the property which she held in fee simple and on the property in which she held a life estate and from which she received the rents, the lower court erred in allowing her credit for such payments and in allowing her claims against the estate for such payments made during his lifetime.

The claims for repairs, however, present a somewhat different question; the evidence is that the material and labor used in such repairs were contracted for by him in his lifetime, and were by his direction charged to him personally, and evidently under these circumstances it was his purpose to that extent to become individually liable, and no one other than his creditors could question his right to, at his own expense, improve his wife's property if he saw fit.

Because of the different manner in which the title to the various pieces of property was held by the parties, and because of the fact that in most instances the taxes were paid on the whole property in a lump sum, we

have been unable to tell exactly what sum should be charged against the estate, but upon the return of the case the court will•sustain the exceptions of appellant to all taxes allowed the appellee in her settlement paid out of the estate upon property owned by her in fee simple or held by her for life, and will sustain the exceptions to her claim for such taxes paid during the lifetime of Rowe.

The judgment is reversed with directions to enter a judgment as herein indicated.