## Rau, et al. v. Rowe.

(Decided June 15, 1920.)

### Appeal from Fayette Circuit Court.

1. Exemptions—Failure of Widow to Claim.—A widow is entitled to an exemption of $750.00 out of the personal estate of her deceased husband, and even though she may by oversight and inadvertence fail to make claim for such exemption she may before final settlement of the estate have such exemption set aside to her.

2. Executors and Administrators—Claims Against Estate—Allowance.—Any properly proven claim against the estate of the deceased person may be presented at any time before final judgment where there is no reason shown why the claim should not be allowed.

G. C. WEBB for appellants.

R. L. NORTHCUTT and R. J. COLBERT for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This litigation originated in March, 1914, when Mrs. Rowe filed her petition for a settlement of the estate of her deceased husband, making the appellants, Sophie Rau, &c., parties defendant. After judgment the case came to this court on appeal. (See opinion in 168 Ky. 704.) That judgment was reversed with directions to enter a judgment giving Sophie Rau, &c., additional credits. This was done when the case went back to the lower court. A second opinion was delivered on another branch of the case. (Rau, et al. v. Rowe, 184 Ky. 841.)

After the death of Rowe and during this litigation his wife, the appellee, collected $1,237.50 in rents from real estate which belonged to his estate. As widow, there being no children, she was entitled to an exemption, under section 1403, Kentucky Statutes, of $750.00. This she did not claim in her first settlement. She expended $282.00 for a monument which she caused to be erected over the grave of her husband, but she had not made claim for this sum.

It is insisted that Mrs. Rowe is not entitled to assert her claim for $750.00 exemption as widow, and $282.00 expended for a monument because she did not include these items in her first settlement nor until all moneys except the rents of the estate had been disbursed. In response to this she pleads that through

mistake and inadvertence of herself and attorney in preparing the pleadings these two items were omitted. This being so she is, as a matter of common justice and right, entitled to now present the claim and have it allowed and paid out of the $1,237.50 which she collected as rents. This the circuit court did, and we find no error in the judgment.

Judgment affirmed.