## Parker v. White, et al.

(Decided March 13, 1928.)

### Appeal from Warren Circuit Court.

1. Executors and Administrators.—Civil Code of Practice, secs. 433, 434, relative to the presentation for payment of claims against an estate, govern such matters, so that, where creditor does not appear and assert claim as provided by statute, he is precluded under such sections from subsequently suing executor or administrator on such claims.

2. Descent and Distribution.—Where widow, having claims against the estate of her deceased husband, appeared and presented part of claims as provided by statute, held that she was precluded under Civil Code of Practice, secs. 433, 434, from subsequently suing distributees on other claims not presented at the time, by a principle of law which forbids a party from presenting his demands by piecemeal in successive suits.

3. Judgment.—A judgment of a court of competent jurisidction is not only final as to all matters determined by it, but also in general, as to all matters that properly could have been presented by the parties in such action, under the res judicata rule, the sum and substance of which is that a matter once judicially decided is finally decided.

4.   Judgment.—Fundamental principles of practice forbid the evasion and overturning of a judgment on collateral attack.

5.   Appeal and Error.—The mere fact that a party is unfortunate in losing a right because of the doctrine of res judicata does not authorize the Court of Appeals to relieve from the judgment.

.    W. B. GAINES for appellant.

FINN & SIMS for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Sallie I. Parker sued Bettie E. White and husband and M. F. Parker to subject their remainder interest in a tract of land, which had been previously set apart to plaintiff as dower in her deceased husband's lands, to the payment of a claim asserted by plaintiff against her husband's estate.  The defendants interposed a plea of res judicata, which was upheld by the circuit court, and plaintiff has prosecuted this appeal.

E. B. Parker died intestate in 1924, and an administrator was appointed.  The administrator filed a suit against the widow, Sallie I. Parker, and the children, Bettie E. White, and Marion F. Parker, to settle the estate, allot dower, and divide the proceeds of the property after payment of the debts.  The appellant appeared and filed an answer setting up several claims, but none of the claims now asserted in this litigation, except to state that she had $700 in claims to be filed.

Her allegation is that she was sick during the pendency of the former suit and unable to attend to business, and for that reason failed to file her claim.

Appellant relies upon the decision of this court in the case of Rau v. Rowe, 188 Ky. 524, 222 S. W. 1070, as authority for the relief sought by her.  In that case the suit for a settlement of the estate was still pending, and all that was necessary was to give Mrs. Rowe credit for the deferred claims in her accounting for rents collected. Her delay was excused because of mistake and inadvertence of herself and attorney, but she was not confronted with a final decree in a previous settlement suit.

Sections 433 and 434 of the Civil Code, as construed in the cases of Hood's Adm'r v. Hood's Devisees, 80 Ky. 39, Story v. Story, 35 S. W. 540, 18 Ky. Law Rep. 97, and Benson v. Simmers, 53 S. W. 1035, 21 Ky. Law Rep. 1060, govern when a creditor does not appear, or is not

required to meet specific averments respecting his claim, or forever forego it. In this case, however, the appellant did appear and assert claims, and she is now precluded from suing again on the same matters by a principle of law which forbids a party from presenting his demands by piecemeal in successive suits, thereby prolonging and producing unnecessary litigation.

In the early case of Talbott v. Todd, 5 Dana, 194, this court said:

> "It is undoubtedly true, that the judgment or decree of a court of competent jurisdiction, is not only final as to all matters determined by it, but is also, in the general, final as to every other matter incident to the cause, which the parties might have put in issue and had litigated. This rule is founded in reason and propriety. It imposes only the exercise of reasonable vigilance, tends to advance the ends of justice, to quiet the contentions of society, and to put an end to vexatious litigation."

See Davis v. McCorkle, 14 Bush, 746; Couchman v. Bush, 83 S. W. 1039, 26 Ky. Law Rep. 1277; Cassidy v. Berkovitz, 169 Ky. 785, 185 S. W. 129; Elswick v. Matney, 132 Ky. 294, 116 S. W. 718, 136 Am. St. Rep. 180.

The prior judgment settles all matters in issue as well as all matters that properly could have been presented therein. Vincent v. Blanton, 134 Ky. 590, 121 S. W. 466, 135 Am. St. Rep. 424; Snapp v. Snapp, 87 Ky. 554, 9 S. W. 705, 10 Ky. Law Rep. 598; Locke v. Commonwealth, 113 Ky. 868, 69 S. W. 763, 24 Ky. Law Rep. 654; 34 C. J., sec. 1236, p. 818.

Res judicata is a rule of law pervading every system of civilized jurisprudence, grounded upon public policy, in the interest of society, that there should be an end of litigation, and upon reasonable necessity which impels protection of the individual from the vexation of repeated suits. "The doctrine applies and treats the final determination of the action as speaking the infallible truth as to the rights of the parties as to the entire subject of the controversy, and such controversy and every part of it must stand irrevocably closed by such determination. The sum and substance of the whole doctrine is that a matter once judicially decided is finally decided," 34 C. J., p. 743, sec. 1154.

In Jeter v. Hewitt, 22 How. 352, 16 L. Ed. 345, referring to this rule of law, it is said:

"No other evidence can afford strength to the presumption of truth it creates, and no argument can detract from its legal efficacy."

The application of the rule of res judicata to this case is apparent. The appellant was a party to the action, employed counsel, presented claims, and was required to submit or surrender all demands available to her. That the demands now asserted could have been presented in that case is clear and indisputable. That action has been finally determined by the court, and is beyond its control. To permit a new suit to be maintained on the grounds alleged in this case would be to evade and overturn the judgment in the settlement suit on a collateral attack, which is forbidden by fundamental principles of practice. 34 C. J., sec. 815, p. 511; Viller v. Watson's Adm'x, 168 Ky. 631, 182 S. W. 869, L. R. A. 1918A, 820; Duff v. Hagins, 146 Ky. 792, 143 S. W. 378; Shields' Adm'r v. Chesser, 167 Ky. 532, 180 S. W. 968.

The plaintiff may be unfortunate in thus losing her right to collect the claims asserted, but we have no power to relieve her from the operation of the salutary principle of law governing the matter.

Judgment affirmed.