# Browning v. Moss Williams & Co.

February 6, 1948.

R. Monroe Fields, Judge.

Geo. R. Pope for appellant.
G. E. Reams for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Reversing.

This is a workman's compensation case. It is here on an appeal by the employee from a judgment of the Letcher Circuit Court, which substantially upheld the award of the Workmen's Compensation Board but remanded the case for modifications thereof.

On February 20, 1945, appellant was employed as a "pit man." He worked in a strip mine operated by appellee, and his duties required him to clean up scattered coal behind a shovel-dipper. He was struck by a piece of slate rock which was hurled against his head after a dynamite blast. The impact fractured his skull on the right side. He was unconscious for several hours thereafter, and while in the hospital was unconscious at intervals for several days.

He was treated for approximately nine weeks, after which time he returned to work for appellee. He continued to work for appellee two or three months, when the latter ceased operations. He was paid compensation for total temporary disability during the nine weeks he was away from work.

In September 1945 appellant filed an application with the Workmen's Compensation Board, seeking an award for total and permanent disability. The Referee found appellant's disability did not result from the injury received while working for appellee, and recommended dismissal of the claim. On review, the Board found that appellant, as a result of his injury, suffered permanent partial disability to the extent of 50%, and made an award of $7.50 per week for a total of 491 weeks. On appeal to the Circuit Court the finding of 50% permanent partial disability was upheld. However, the Court corrected the award so as to allow $6 per week for a total of 335 weeks, and directed that credit be given for the amounts paid appellant while re-employed by appellee at a wage at least equalling the amount of the award.

Neither party seems satisfied with the judgment of the Circuit Court, and appellee has cross-appealed. Its position is that appellant is entitled to no compensation (except $135 heretofore paid), and appellant in-

sists that he is entitled to all the law allows because he is permanently and totally disabled.

Appellant proved he was substantially disabled. He testified that since his injury he: has become afflicted with a partial paralysis of his right leg and arm; suffers from severe headaches; has lost weight; is at times listless and his mind wanders; and is not able to do anything but light work. Four physicians testified in the case, and in substance their testimony was to the effect that appellant was from 50% to 100% totally disabled from performing heavy manual labor. None of these physicians had treated appellant.

A Dr. Jessie C. Hill testified that appellant's disability, which he considered 100%, was caused by rupture of a blood vessel, then in a sclerotic condition, on the left side of appellant's head. His theory was that the blow on the right of the head and the fracture of the skull did not produce the disability but that the blow ruptured a blood vessel which in turn caused the disability.

As opposed to the above evidence, appellee introduced proof that appellant had gone back to work for appellee nine weeks after his injury; that he had stayed on this job until appellee quit business, which was two or three months later; that thereafter appellant had worked as a coal loader for other operators in the vicinity; that his work after his injury was no different from that preceding it; and that appellant was still able to perform the same type of work he had prior to his injury.

Appellee also proved conclusively that appellant's blood pressure was extremely high, and had been for several years.

Appellee insists that, admitting the disability, it appears to have been caused entirely by a pre-existing disease (i. e., high blood pressure), and is not compensable (342.005, KRS). The difficulty with this position is that there is no evidence that the condition had any disabling effects prior to appellant's injury. In the recent case of Wood-Mosaic Co. et al. v. Shumate, 305 Ky. 368, 204 S. W. 2d 331, we held that a pre-existing condition, which had not expressed itself so as to dis-

able the employee prior to a traumatic injury, would not cut off the right to compensation where the injury itself was the initiating force which produced the disability.

From the above brief discussion of the evidence, it seems obvious that the actual cause of appellant's disability and the extent thereof were pure questions of fact based on conflicting evidence. By virtue of statute (sections 342.285 and 342.290, KRS) and our decisions (a number of which are collected in Broadway & Fourth Avenue Realty Company v. Metcalfe, 230 Ky. 800, 20 S. W. 2d 988), the courts may not upset a finding of fact by the Board where it is supported by relevant and competent evidence. The trial judge properly sustained the finding of 50% total permanent disability.

The Board awarded appellant $7.50 per week for a period of 491 weeks. Under Section 342.110, KRS (1944), the award based on a finding of 50% partial permanent disability should have been $6.00 per week for a period of 335 weeks, credit being given for the nine weeks for which compensation was paid. The judgment of the Circuit Court was correct in this respect.

The Circuit Court in its judgment also invoked what is known as the "Ditty Rule" (Consolidation Coal Co. et al. v. Ditty, 286 Ky. 395, 150 S. W. 2d 672), and directed that credit be given the employer for wages paid appellant while re-employed, if equal to or greater than the *amount of the award*. In the case of Warner et al. v. Lexington Roller Mills, Inc., 306 Ky. 142, 206 S. W. 2d 471, decided December 5, 1947, we have recently held that the employer is entitled to credit on the award where a disabled employee is re-employed by the same employer at a wage equal to or in excess of the *wage paid prior to the injury*. In that case we finally decided that the matter was not left to the discretion of the Board but the rule must be applied in every case on a similar set of facts. The judgment, instead of allowing credit where the wage equalled the award, should have allowed the credit only where the wage equalled or exceeded the compensation paid appellant prior to his injury. For this one error, the judgment must be reversed.

Appellant raises a question concerning the juris-

diction of the Letcher Circuit Court. He filed a special demurrer to plaintiff's petition on the ground that appellee was conducting its business in Harlan County, that both parties resided in Harlan County, and that the hearings before the Referee were held in that county. From the evidence, however, it appears the injury occurred in Letcher County, and under Section 342.285, KRS, an appeal to the Circuit Court may be taken in that court which would have jurisdiction in an action for damages for the injury. The Letcher Circuit Court had jurisdiction. Section 74, Kentucky Civil Code of Practice.

For the reasons herein stated the judgment of the Letcher Circuit Court is reversed for proceedings consistent with this opinion.