# Harlan-Wallins Coal Corp. v. Jackson et al.

November 3, 1950.

James S. Forester, Judge.

James Sampson, Sampson & Sampson for appellant.

Doyle & Doyle for appellee.

824

JUDGE KNIGHT—Reversing with directions.

Appellee, Collom Jackson, had been in the employ of appellant as a coal loader for about a year previous to January 14, 1944, and upon that day he claimed to have received an injury by an accident arising out of and in the course of his employment with appellant. Both parties had accepted the provisions of the Workmen's Compensation Act, KRS 342.001 et seq., and appellee filed his claim against appellant under the provisions of that Act. The injury complained of was a hernia and, after a hearing before a referee, that official determined that he had suffered a 50% permanent partial disability and, subject to the approval of the full Board, awarded him $6.00 per week for 52 weeks. This limitation of one year on the award was due to the fact that appellee refused to submit to an operation. Appellant asked for and obtained a full Board review and the Board increased the award from $6.00 to $12.00 per week for a period of 52 weeks. On appeal to the Circuit Court of Harlan County, the award of the Board was approved and affirmed and a judgment was entered in conformity therewith. This appeal is prosecuted from that judgment.

Two grounds are relied on for reversal: (1) the award of the Board is not supported by the evidence; (2) the failure of the Board to make a finding of fact requires reversal of the judgment.

Appellee's claim for compensation rests on his testimony before the referee, since he produced no other evidence, medical or otherwise. According to his testimony, he was loading coal when a lot of rock came down on him. He tried to scramble out and get the rock off of himself which put a great strain on him. He couldn't get up and lay there about twenty-five minutes. The heaviest part of the rock was on his right leg and he finally extricated himself by breaking the rock up with a hammer. He says he kept suffering pain and when he examined himself after he got home, he could feel the pain, "felt something come down that never has been wrong with me in my life." He testified that he notified his immediate boss named Shackelford and the company doctor, Dr. McKee. Dr. McKee testified that he was never notified of any injury by appellee and he has no record of any injury, as he says he would have, had he been notified. His superior, Shackelford, was not intro-

duced as a witness by appellant to contradict appellee's testimony. Appellee kept on working for appellant, loading coal, as he had been doing, until June 25, 1944, when he quit and got a job loading coal for another company. When he filed a claim for compensation, appellant had him examined by two physicians, Dr. Parks on June 9, 1944, and Dr. Cawood on September 15, 1944, and both testified that he had a right inguinal hernia, as large as a small lemon. They admitted that from the history of the case, the hernia could have been caused as stated by appellee. Both testified that he could submit to an operation without serious injury or danger to his life.

Appellants produced evidence which tended to show that appellee suffered no traumatic injury which resulted in the hernia complained of, and produced records to show that he continued to work loading coal from the day he claims to have been injured until he went to work for another company about six months later.

We think the evidence before the Board, including the testimony of the two company doctors, shows that appellee developed a hernia and, while the evidence is not conclusive that he received the injury which caused it while working for appellant, we cannot say that there was no evidence of probative value before it which justified the Board in so finding and its decision in this respect will not be disturbed.

A more difficult question is the percentage of disability which appellee suffered as a result of his injuries. There was no proof as to the extent of the disability except that appellee testified that he had not had hernia in any degree prior to the injury he complained of and that he had not been able to do his work as well as before. He stated positively that he had suffered an injury at the time mentioned which resulted in the hernia, which the doctors for the company found to exist when they examined him several months thereafter. It is difficult to conceive of an injury which resulted in a hernia without some disability resulting therefrom. In his opinion and award the referee said he had no way of fixing the extent of this disability other than by ordinary common sense and he proceeded to fix it at a 50% partial permanent disability. If he was correct in this percentage of disability, then his fixing of the award at

$6.00 per week was correct under the provisions of KRS 342.110, as it then existed, since this section provided for a maximum of $12.00 per week at that time. It also provided, then as now, that the proper compensation was arrived at by multiplying $12.00 by the percentage of disability caused by the injury, which in this case would be $6.00 as found by the referee.

When the case came up for full Board review, the Board in its opinion and award said this: ''We have read and considered the entire record and have concluded that claimant has proven that he has sustained a compensable injury under the provisions of the Compensation Act. The problem that now gives the Board great concern is the amount of compensation that claimant. should be awarded. * * * Claimant has sustained a compensable disability under the Act and under the plain terms and provisions of KRS 342.025 it is the Board's opinion and judgment that claimant is entitled to recover compensation at the rate of $12.00 per week for a period of 52 weeks.''

KRS 342.025 referred to in the full Board award is the hernia section but it does not attempt to fix the amount of compensation. KRS 342.110 is the section which fixes the amount of compensation for permanent partial disability for other than specific injuries listed in KRS 342.105. Therefore in its findings of fact, it was the duty of the Board to fix the percentage of disability and then multiply this by $12.00 to find the amount of compensation to which appellee was entitled. Had it done this, it would have been impossible for the Board to reach the result of $12.00 per week when he was only partially disabled. Had the Board found him to be totally disabled, which the evidence did not justify, then he would have been entitled to $15.00 per week for permanent disability under the provisions of KRS 342.095 as it then existed.

We therefore conclude that the Board erred in fixing appellee's compensation at $12.00 per week since the Board made no findings of fact on which to base this award. There is no cross appeal from that part of the judgment which upholds the Board's action in limiting the award to 52 weeks because of appellee's refusal to submit to an operation hence that question is not before us.

Wherefore the judgment is reversed with directions to remand the case to the Workmen's Compensation Board for the purpose of fixing the compensation to which appellee is entitled under the provisions of the Workmen's Compensation Act: