**James R. YOCOM, Commissioner of Labor and custodian of the Special Fund, Appellant,**

v.

**Stacy E. HOPKINS et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 4, 1977.

Gemma M. Harding, Dept. of Labor, Louisville, for appellant.

Kelsey E. Friend, Pikeville, for appellee Stacy Hopkins.

Baird & Baird, Pikeville, for appellee Mill Branch Coal Co.

William L. Huffman, Director, Workmen's Compensation Board, Frankfort, for appellee Workmen's Compensation Bd.

Before WILHOIT, WHITE and WINTERSHEIMER, JJ.

WILHOIT, Judge.

This appeal is from a judgment of the Pike Circuit Court reversing an award of the Workmen's Compensation Board as it related to the computation and apportionment of liability.

The Board found the claimant, Stacy E. Hopkins, to be 100 percent permanently disabled. It found that 5 percent of this disability was due to an injury sustained by him in 1973 and that 50 percent was due to an injury sustained in 1974. Both injuries took place while he was employed by the Mill Branch Coal Company. Forty percent (40%) of his disability was determined to be the result of his combined injuries which caused a greater disability than the simple addition of the percentage of disability occasioned by each. Five percent was determined to be due to a noncompensable prior active disability caused by an injury in 1970 or 1971.

The Board computed its award by multiplying the maximum allowable weekly benefit at the time of injury by the percentage of disability occasioned by each injury. $4.20 was awarded from the date of the 1973 injury (5% × $84.00); $42.00 was awarded from the date of the 1974 injury (50% × $84.00); and $33.60 was ordered to be paid from the Special Fund (40% × $84.00). Claimant appealed to the Circuit Court contending he was entitled to the maximum weekly benefit of $84.00, to be apportioned between Mill Branch and the Fund. The Circuit Court concluded that the Board had erred as to its computation of the amount due from the Special Fund. It held that under KRS 342.120 the Claimant was entitled to recover $35.40 per week from the Special Fund until March 10, 1979, and thereafter $37.95 per week for so long as he remains disabled.

The Circuit Court found that the proper manner for computing the Fund's liability was to reduce the maximum allowable weekly benefit by the amount payable by the employer and by the prior 5 percent noncompensable active disability which it found to have occurred in June, 1971. ($84.00 − $4.05[1] − $42.00 − $2.55 = $35.40). Had this injury been compensable the Claimant would have received $2.55 per week for 400 weeks. Four hundred weeks from the June, 1971 injury the amount due from the Fund would increase by $2.55. The court interpreted KRS 342.120(4) to require the exclusion of this amount for that period and thereafter to require its payment by the Fund. The pertinent portion of that Statute reads as follows:

"The remaining compensation for which such resulting condition would entitle the employe, including any compensation for disability resulting from a dormant disease or condition aroused into disabling reality by the injury or occupational disease, but excluding all compensation which the provisions of this chapter would have afforded on account of prior disabling disease or injury had it been compensated thereunder, shall be paid out of the special fund . . . ."

The Fund appeals to this Court asking that the award of the Board be affirmed and that of the Circuit Court be reversed. Both the Fund and Appellee, Mill Branch Coal Company, contend that the Circuit Court erred in not excluding from its award 5 percent to account for the noncompensable disability. They urge that the proper computation should be made by deducting $4.20 (5% of $84.00) from the statutory maximum allowable weekly benefit.

Appellee/Claimant insists that the award was not properly computed by either the Board or Circuit Court in light of *C. E. Pennington Co. v. Winburn*, Ky., 537 S.W.2d 167 (1976) which was finally decided after the Board's award. He asserts that the proper formula to be used is to multiply the Claimant's average weekly wage at the time of his last injury by 62½% (the appropriate factor where Claimant, as here, had three or more dependents) and by 95% (100% minus the 5% noncompensable disability). The product thus arrived at should be limited then to the maximum allowable weekly benefit.

Appellee employer contends that *Pennington*, supra, has no application to this case since it involved a case of permanent partial disability and we are here concerned with total disability. We do not believe that this distinction in any way precludes the application of the *Pennington* rule to this case and we hold that it applies.

The decisions interpreting KRS 342.120(4) reveal that the proper course for the Board in apportioning an award between the employer and the Special Fund is to first determine the liability of the employer. *Young v. Fulkerson*, Ky., 463 S.W.2d 118 (1971). This should be done by multiplying the Claimant's average weekly wage at the time of injury by the appropriate percentage factor, as determined by the number of the Claimant's dependents, and then multiplying this product by the percentage of occupational disability. *Pennington*, supra. Such procedure should be followed for both the 1973 injury and the 1974 injury. This determines the liability of the employer subject, of course, to the maximum allowable weekly benefit, should it exceed it.

The Special Fund then becomes liable for the 40 percent disability assessed against it which should be computed as set out above. This final figure is payable by the Special Fund to the extent that when added to the amount payable by the employer it does not exceed the maximum allowable weekly benefit.

Here, the Board made no findings of fact as to Hopkins' average weekly wage at the time of either his 1973 or 1974 injury. The Judgment of the Circuit Court is, therefore, reversed with instructions that it remand this case to the Workmen's Compensation

---

1. The Circuit Court found that in 1973 the maximum allowable weekly benefit was $81.00 (5% × $81.00 = $4.05).

Board to make the necessary findings of fact and computations in accordance with this Opinion and the respective rights of the parties, taking into account that the Fund did not appeal from the award of the Board nor did the Claimant prosecute a Cross-Appeal from the decision of the Circuit Court.

All concur.