**Ronald L. KEEFE, Appellant,**

v.

**O. K. PRECISION TOOL & DIE COMPANY and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

March 31, 1978.

Discretionary Review Denied
June 27, 1978.

Charles A. Taylor, Taylor & Elam, Lexington, for appellant.

Lionel A. Hawse, Landrum, Patterson & Dickey, Lexington, for appellees.

Before MARTIN, C. J., and REYNOLDS and WILHOIT, JJ.

MARTIN, Chief Judge.

The appellant suffered a compensable injury at his job. A claim was filed and an award was made to him by the Workmen's Compensation Board. No appeal was taken. When *Apache Coal Co. v. Fuller*, Ky., 541 S.W.2d 933 (1976), was decided, he filed a motion before the Workmen's Compensation Board seeking to reopen his award. Appellant argues that the computation of his award was based on the law as it was interpreted by the Board prior to the decision in *Apache* and he, therefore, was denied the substantially increased benefits that would flow to him if the award were now reopened and a recomputation were made under the holding in *Apache*. The effect of *Apache* was that for the period beginning January 1, 1973, until the statute was amended effective January 1, 1977, there was a minimum amount that must be awarded in any workmen's compensation claim where the Board found the claimant to have a partial permanent disability as the result of a work related injury.

The Board denied appellant's motion to reopen and this determination was upheld by the Fayette Circuit Court. We agree that the Board was correct in denying the motion to reopen. The principle of res judicata limits the application of *Apache* to the period from the date it was decided until January 1, 1977, the effective date of the amendment to KRS 342.730(1)(b).

At the time of his injury on February 1, 1975, Ronald L. Keefe, the appellant, was operating a metal working machine in the shop of his employer, O.K. Precision Tool and Die Company, in Lexington. Keefe, who is righthanded, sustained a laceration in the joint of his left index finger when a metal burr caused his hand to slip under the cutting blade of the machine. He was treated immediately at the emergency room of Good Samaritan Hospital and released. Six months later he was evaluated by Dr. Brooks Morgan, the only physician to testify in his case. At that time, he had no complaints of pain, had full motion throughout his hands and fingers except in the last joint on his left index finger and was given an "arbitrary" 2% functional impairment rating. Throughout this period he had continued his regular employment. On July 18, Keefe filed an application for adjustment of his claim with the Workmen's Compensation Board. On April 5, 1976, the Board entered its opinion and award, finding Keefe to have a 3% occupational disability and awarding him $1.78 per week permanent compensation. The employer filed a petition to reconsider the award on the ground that the award should have been limited to the scheduled benefits provision of the Workmen's Compensation Act. This motion was overruled on April 19. Neither the employee nor the employer appealed, and the award became final on May 9. The question we must resolve on this appeal is how final that award was. Appellant argues that the Board was mistaken as to the law in setting such a small award. Applying the computation in *Apache*, appellant alleges that he is entitled to $29.00 per week in permanent compensation payable for the remainder of his life.

A basic part of our legal system is the doctrine of finality of judgments or awards. Once the claims or rights of a litigant have been determined, the matter should end. We have an extensive appeal procedure which allows, as a matter of right, the review of any judgment. When that judgment then becomes final, it should remain final unless there was fraud, mistake or a very persuasive reason why the judgment should be disturbed. In a workmen's compensation case, the award will become final unless a request to reconsider the award is filed within 14 days, or an

appeal is taken to circuit court within 20 days. KRS 342.281, 342.285. When an award does become final as provided in the statutes, it has the same finality as a court judgment. In the present case we are faced with a basic legal conflict. Determination of this conflict depends upon which of two lines of reasoning we follow. The first is to allow any award or judgment to be reopened or recomputed if there is a mistake of law or fact. The alternative is to follow the line of cases adopting the doctrine of res judicata.

The workmen's compensation statutes have allowed some relief from the finality of judgments, just as Civil Rule 60.02 has allowed relief to any civil litigant. KRS 342.125 provides:

(1) Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud or newly discovered evidence, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded . . .

The only difference between CR 60.02 and this statute is the Board's authority to change its final award based upon a "change of condition" of the claimant. This provision conforms with the social policy behind workmen's compensation legislation, but is not applicable in the present case. The only basis available for reconsideration of the award in this case is whether the Board's final award constituted a "mistake" of law.

As dicta in *Stearns Coal & Lumber Co. v. Vanover*, 262 Ky. 808, 91 S.W.2d 518 (1936), the court stated a mistake of law, as well as a mistake of fact, would authorize the Board to reopen a claim unless the case had been reviewed on appeal, even though earlier decisions held to the contrary. See *Southern Mining Co. v. Collins*, 222 Ky. 388, 300 S.W. 896 (1927), and *Ashland Iron & Mining Co. v. McDaniels Dependents*, 202 Ky. 19, 258 S.W. 943 (1924). However, the authority to reopen an award for a mistake is not without limit. In *Wells v. Fox Ridge Mining Co.*, Ky., 243 S.W.2d 676 (1951), the court held that a "mistake" either of law or fact must be based upon ignorance or misapprehension. It was further held that a mistake of counsel in failing to produce available evidence does not constitute a "mistake" within the meaning of KRS 342.-125. That section of the statutes authorizes the reopening of a case for the purpose of taking additional proof. The court goes on to state, at 677:

. . . In the case of *Stearns Coal & Lumber Co. v. Vanover*, 262 Ky. 808, 91 S.W.2d 518, it was held that the statute authorizing the board to change its order because of "mistake" included mistakes of law as well as fact, but mistake, regardless of whether it is of law or fact, must be founded upon ignorance before relief may be granted on account of it.

. . .

In *Preston v. Elm Hill Meats, Inc.*, Ky., 483 S.W.2d 136 (1972), the court held the "mistake" of a minor in settling his workmen's compensation claim for loss of an arm under the scheduled benefits section rather than for disability to the body as a whole was not a "mistake" within the meaning of KRS 342.125. Nor was it a mistake sufficient to reopen the award when he failed to claim a 15% penalty, as provided by law, for his employer's violation of the Child Labor Act. In *Young v. Charles Trivette Coal Co.*, Ky., 459 S.W.2d 776 (1970), the court, overruling earlier decisions to the contrary, held that the employee's "mistake" as to his future condition of employability, when he settled his case for permanent partial disability benefits rather than permanent total disability benefits, did not constitute a ground for reopening the award.

In *Beth-Elkhorn Corporation v. McFall*, Ky., 415 S.W.2d 857 (1967), the Board entered an award against the Special Fund for disability income benefits and assessed medical expenses against the Special Fund. Under the statutes and existing case law, even where there was an award against the Special Fund, medical expenses were to be paid by the current employer of the claimant. No appeal was taken and the award

became final. Thereafter, the employee filed a motion to correct the award seeking to have the employer reimburse him for his medical expenses. The motion was sustained by the Board. In reversing the Board, the court conceded the original award was in error, but held the only remedy was to appeal the original award, and since no appeal was taken, the matter was barred by the doctrine of res judicata. In the present case we are faced with a similar situation.

The doctrine of res judicata was well stated in *Parker v. White*, 223 Ky. 561, 563, 4 S.W.2d 380, 381 (1928):

Res judicata is a rule of law pervading every system of civilized jurisprudence, grounded upon public policy, in the interest of society, that there should be an end of litigation, and upon reasonable necessity which impels protection of the individual from the vexation of repeated suits. "The doctrine applies and treats the final determination of the action as speaking the infallible truth as to the rights of the parties as to the entire subject of the controversy, and such controversy and every part of it must stand irrevocably closed by such determination. The sum and substance of the whole doctrine is that a matter once judicially decided is finally decided."

The court went on to state, "The prior judgment settles all matters in issue as well as all matters that properly could have been presented therein."

■ In the present case we must assume the computation question now raised by appellant could have been raised before the Board when his award was computed. The statute under which *Apache* was decided was in effect at that time. No appeal was taken, so this issue would be barred under the doctrine of res judicata if that doctrine is available in workmen's compensation cases. The doctrine has been applied in the past in *Happy Coal Co. v. Hartbarger*, 251 Ky. 779, 65 S.W.2d 977 (1933), and followed in *Hysteam Coal Corp. v. Ingram*, 283 Ky. 411, 141 S.W.2d 570 (1940). In reversing an award granted on a motion to reopen the award, and dismissing the claim, the court stated in *Hysteam Coal, supra*, 283 Ky. at 415, 141 S.W.2d at 572:

The doctrine of res judicata applies to rulings of a Workmen's Compensation Board the same as it does to decisions of the court, (citations omitted). In the *Hartbarger* case it was pointed out that if a motion to reopen were resisted and there was a decision denying the motion on its merits, such decision would be given the same effect as if the motion had been sustained and a retrial ordered; otherwise, one seeking compensation before the Board would never be precluded and could continue to file innumerable motions for a rehearing of the case . . .

The court then went on to state at 283 Ky. 416, 141 S.W.2d 572:

It is just as essential that there be an end to litigation in cases arising under the Workmen's Compensation Act as in other cases.

.     .     .     .     .

There runs through the decisions of all courts a motif that litigation cannot be interminable, and that it must not be prolonged unduly by one procedure when the statutes provide another procedure which protects the rights of litigants just as effectively, and directs the route which will lead to a quicker end of the controversy.

We believe that this line of cases establishes that a doctrine of finality has been adopted in workmen's compensation cases. The award of the Board once final may only be reopened upon a showing that the Board misapplied the law as it was when the award was made. Subsequent interpretations of the law will not warrant the reopening of awards made final under the doctrine of res judicata.

■ In the decision in *Apache Coal Co. v. Fuller, supra*, the court stated it was faced with conflicting statutory provisions. The court in reaching its decision determined that the legislature had enacted two alternative benefit computation plans. The con-

flict was resolved by granting the maximum possible benefits to the claimant. The court held that where the Board determined that a claimant was permanently partially disabled, he was entitled to a minimum income benefit award.

At the special session of the Kentucky General Assembly in December 1976 that provision of KRS 342.730(1)(b) was amended to read as follows: "Notwithstanding any section of KRS Chapter 342 to the contrary, there shall be no minimum weekly income benefit for permanent partial disability." Because of the conflict created by the holding, we interpret the decision in *Apache Coal Co. v. Fuller, supra,* to be applicable to claims arising prior to January 1, 1977, the effective date of the new statute, and not finally decided prior to November 12, 1976, the date of denial for rehearing of *Apache.*

Appellant, on the other hand, argues that the decision in *Apache* requires that any employee injured in a work-related accident between January 1, 1973, and January 1, 1977, who is determined to have a permanent partial disability is entitled to the minimum weekly benefits as determined by *Apache.* We do not believe that this is the interpretation intended by the decision because it is completely contrary to the doctrine of res judicata.

The specific provisions for computing income benefits, KRS 342.730 and KRS 342.-740, were renumbered by the 1972 Legislature, effective January 1, 1973. The same language had been used in the predecessor statutes for over 60 years. See KRS 342.-110, KRS 342.070(5); 47 Ky.Law J. 279 (1959). The predecessor statutes have consistently been interpreted in the computations of awards, as the Board did in the present case. See *Kentucky Distilleries & Warehouse Co. v. James,* 205 Ky. 185, 265 S.W. 629 (1924); *Three Point Coal Co. v. Santy,* 214 Ky. 357, 283 S.W. 93 (1926); *Browning v. Moss & Williams Co.,* 306 Ky. 520, 208 S.W.2d 495 (1948); *Stumbo & Vance Coal Co. v. Tackett,* Ky., 300 S.W.2d 232 (1957); *Harland-Wallins Coal Corp. v. Jackson,* 313 Ky. 823, 233 S.W.2d 1014 (1950).

To apply *Apache* to the present case would give that decision retroactive effect. In a similar case, a Minnesota court denied an employee's attempts to reopen his final award based upon a decision which would have granted him significantly increased benefits. *Sandal v. Tallman Oil Co.,* 298 Minn. 264, 214 N.W.2d 691 (1974). The Minnesota statute authorizes any award to be reopened "for cause." Minn.St.1971, § 176.461. This is much broader than our Kentucky statute, KRS 342.125. In upholding the denial of the motion to reopen, the court stated, at 693:

> Here the petitioner obtained an award based upon the then interpretation of the statute and no appeal was taken. Our decisions have made it clear that finality of decision is essential to the orderly administration of the act except under certain circumstances. A subsequent interpretation by the court is not such a circumstance.

The retroactivity of a decision interpreting a workmen's compensation statute was before the court in *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968). The court there changed the concept of total disability from the employee's lack of ability to do his "usual and customary" work to his lack of ability to do any job which was normally available in the employee's local job market. The decision overruled many earlier cases. The court specifically provided in the decision that it would have prospective application only and would apply only to claims *filed* after the effective date of the opinion. In a subsequent decision where the accident occurred prior to the decision but where the claim was still in litigation when *Osborne* was decided, the court refused to apply the decision retroactively. *Department of Economic Security v. Adams,* Ky., 450 S.W.2d 819 (1970).

The decision in the instant action does not use the date of filing as determinative. *Osborne* is distinguishable on this point because it dealt with factual matters going to the heart of the case. Applying it to pending cases would have required all cases then

pending to return to the deposition process for taking of proof to conform to the new definition of total disability. In the present case, we are dealing with a matter of law that would require no more than its application by the Board. Therefore, it is appropriate for the *Apache* decision to be followed in cases pending as of November 12, 1976.

■ An award for permanent partial disability benefits under the Workmen's Compensation Act is designed to approximate the dollar value of the estimated impairment of the employee's earning capacity based upon his earnings at the time of the accident, the nature and extent of his injury, his subsequent earnings, his age, skills, and physical capacity. KRS 342.730(1)(b); *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968); *Couliette v. International Harvester Co.*, Ky., 545 S.W.2d 936 (1976). The Board did that in the present case.

The court in *Apache* determined there were two ways of computing benefits for permanent partial disability. The court went further to hold that the minimum benefits provisions of the statute applied to require the payment of minimum benefits on each workmen's compensation case. Prior to the decision in *Apache*, the Board had not interpreted the statute in this way. In fact, the amendment passed during the 1976 Special Session of the General Assembly changed this holding. Rather than allow all of the claims for permanent partial disability that were finally decided prior to *Apache* to be reopened, we believe that the doctrine of res judicata takes precedence over the statutory scheme that would allow the reopening of an award for erroneously not applying the minimum benefit statute.

Affirmed.

All concur.