**PEABODY COAL COMPANY, Appellant,**

v.

**Jimmy L. CROXTON, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Jan. 4, 1980.

Richard M. Joiner, Madisonville, for appellant.

David G. Massamore, Madisonville, Cyril E. Shadowen, Dept. of Labor, Louisville, for appellees.

Before HOGGE, LESTER and VANCE, JJ.

VANCE, Judge.

The question is whether the Workmen's Compensation Board has jurisdiction to make an award for a fixed sum and provide additionally that any future court determinations concerning the correct method of computing the award beneficial to claimant shall automatically be retroactive to the date of the award. We hold that it does not have such jurisdiction.

Appellee Croxton received an award on September 3, 1975, for compensation based upon a finding of 60% occupational disability. The award was apportioned two-thirds to the employer and one-third to the Special Fund with payments by the employer of $33.00 per week and payments by the Special Fund of $16.50 per week.

This award was made at a time when there was pending in our courts litigation concerning whether compensation in cases of permanent partial disability was limited to a pro rata percentage of the maximum compensation allowed by statute.

The Board added a paragraph to the award as follows:

6. The above computation of partial disability is based upon the maximum as set out in K.R.S. 342.740, and not upon the average weekly wage of the Plaintiff. The question of computation of partial disability is now before the Court of Appeals, therefore, to prevent any over-payment, should said Court decide that partial disability should be computed on the

maximum as set out in K.R.S. 342.740, and not upon the Plaintiff's average weekly wage, the Board at this time will compute upon the maximum as set out by K.R.S. 342.740. Should the Court rule that partial disability should be computed upon Plaintiff's average weekly wage, then the payments shall be increased accordingly without further Board Order, from the date the partial disability began.

The average weekly wage of the claimant would have justified an award of $84.00 per week, the maximum at the time of the injury, under the method of computation later approved by the Court in *Pennington Co., Inc. v. Winburn,* Ky., 537 S.W.2d 167 (1976).

No effort was made following the decision in *Pennington* to have the award recomputed. Instead, the claimant filed a petition to reopen the award on April 11, 1977, contending that his condition had worsened and that he was then totally disabled. The Board granted the petition to reopen, conducted a hearing and issued a new award on April 4, 1978, in which claimant was found to be totally disabled and the apportionment of two-thirds of the liability to the employer and one-third to the Special Fund was continued in effect.

The Special Fund appealed to the circuit court contending that the reopening was improper because claimant was entitled to have the original award recomputed and that he should have received the $84.00 per week maximum benefit from and after the decision in *Pennington, supra.* The Special Fund also contends that under the decision of *Yocom v. Hopkins,* Ky.App., 548 S.W.2d 151 (1977), its liability would be substantially less than that fixed by the Board's order.

The trial court accepted the argument advanced by the Special Fund. It ordered that the employer pay claimant $65.30 per week and that the Special Fund pay $18.70 per week. The employer has appealed.

We are confronted with the argument of the Special Fund that the original award in 1975, even if erroneous, was a final award from which no timely appeal was taken and since that award provided for an automatic adjustment or recomputation in the event of a future court determination authorizing higher benefits, the award was binding and the recomputation mandatory.

The employer contends that the final award was $49.00 per week and that the Board was without jurisdiction to provide for a contingent recomputation of benefits. In effect the Board made an award, computed under the existing practice, but attempted to make a future court decision retroactive to the date of the award. We cannot find any basis upon which the Board has jurisdiction to determine whether or not a subsequent decision of the Supreme Court should be made retroactive.

It was held in *Keefe v. O. K. Precision Tool and Die Company,* Ky.App., 566 S.W.2d 804 (1978), that subsequent interpretations of the law will not warrant the reopening of final compensation awards. We hold that the Board does not have jurisdiction to provide that its awards shall be automatically modified by subsequent court decisions.

Our decision makes it unnecessary to discuss other issues raised by the appeal.

The judgment is reversed for the entry of a new judgment affirming the award and dismissing the appeal to circuit court.

All concur.